IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| AXIS INSURANCE COMPANY | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No: |
|  | ) |  |
| ZURICH AMERICAN INSURANCE COMPANY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**AXIS INSURANCE COMPANY'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS SERVED ON ZURICH AMERICAN INSURANCE COMPANY AND TO TRANSFER SUBPOENA-RELATED MOTION FOR <u>EXCEPTIONAL CIRCUMSTANCES</u>**

Defendant, AXIS Insurance Company ("AXIS"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 37 and 45, is seeking an Order to compel compliance with a subpoena for documents served by AXIS on Zurich American Insurance Company ("Zurich"). The subpoena was issued from the United States District Court for the District of Maryland, in the action styled *Twin City Fire Insurance Company v. AXIS Insurance Company,* Case No. 1:22-cv-00769-BAH ("*Twin City* Action").

A copy of the subpoena and proof of service at Zurich's principal place of business in Schaumberg, Illinois is attached as *Exhibit 1*. Zurich has failed to respond to the subpoena. To expedite this matter, AXIS respectfully requests that the Court transfer this motion to the District Court overseeing the *Twin City* Action in the District of Maryland based on exceptional circumstances detailed below. If the Court is not inclined to transfer the motion, AXIS requests that the Court enter an Order compelling Zurich to comply with the subpoena. As supporting grounds for the requested relief, AXIS states as follows:

1.      On September 7, 2023, AXIS issued a subpoena to produce documents without deposition in the *Twin City* Action on a non-party, Zurich. Pursuant to Fed. R. Civ. P. 45(a)(2), the subpoena issued from the District Court in the District of Maryland where the *Twin City* Action is pending.

2.      On September 8, 2023, AXIS served the subpoena at Zurich's principal place of business at 1299 Zurich Way in Schaumberg, Illinois 60196. In compliance with Fed. R. Civ. P. 45(c), the subpoena requested that Zurich produce the documents within 100 miles of Zurich's business address at undersigned counsel's law offices in Chicago, Illinois. To date, AXIS has not received a response to the subpoena at the place of compliance or otherwise, despite AXIS' good faith efforts to obtain the cooperation of Zurich to respond to the subpoena. AXIS' counsel's efforts to obtain Zurich's cooperation and response to the subpoena in the *Twin City* Action are detailed in the attached certificate pursuant to Local Rule 37.2.

3.      Rule 45 requires that subpoenas be issued from "the court where the action is pending," Fed. R. Civ. P. 45(a)(2), but permits the "court for the district where compliance is required [to] quash or modify the subpoena," Fed. R. Civ. P. 45(d)(3). However, if "the court where compliance is required did not issue the subpoena, [that court] may transfer a motion under [Rule 45] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee Notes explain that such circumstances may exist when denying transfer would disrupt the issuing court's management of the underlying litigation. Fed. R. Civ. P. 45 Advisory Committee Notes. "Rule 45 imbues the discretion to transfer subpoena-related motions with the district court where compliance is required." *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK,

2

2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014); *see also Adams v. Target Corp.,* No. 1:21-CV-3352, 2021 WL 3620280, at *1 (N.D. Ill. Aug. 16, 2021).

4. Pursuant to Rule 45(f), AXIS requests that this Court exercise its discretion and transfer this motion to compel to the District of Maryland where the *Twin City* Action is pending. Zurich's counsel has not responded to AXIS's inquiry regarding consent to transfer this motion, or advised whether Zurich will seek to quash of modify the subpoena. However, exceptional circumstances exist if this Court denies transfer of the motion. AXIS has been attempting to obtain Zurich's response to the subpoena for over five months. Both parties in the *Twin City* Action are attempting to secure Zurich's claim file prior to depositions the parties anticipate will take place in February and March 2024, including the deposition of Zurich's corporate representative. The Court in the *Twin City* Action has set a deadline to complete discovery by May 3, 2024. Denying the motion to transfer would disrupt the issuing court's management of the underlying litigation.

5. Accordingly, AXIS respectfully requests that the Court grant this motion and transfer the motion to the District of Maryland to compel compliance with the subpoena. If the Court is not inclined to transfer the subpoena-related motion, AXIS requests that the Court enter an Order compelling Zurich to comply with the subpoena within seven (7) days.

Respectfully submitted,

*/s/Bevin Carroll*
*Counsel for Defendant,*
*AXIS Insurance Company*

Dated: January 26, 2024

Bevin Carroll
Bevin.carroll@kennedyslaw.com
Kennedys CMK
30 South Wacker Drive, Suite 3650
Chicago, Illinois 60606
Phone: 312-800-5000
Fax: 312-207-2110

## LOCAL RULE 37.2 CERTIFICATE

Prior to filing the instant motion, undersigned counsel for AXIS attempted in good faith to confer with Plaintiffs' counsel in an effort to resolve this discovery dispute without Court action, by electronic correspondence on September 7, 2023; September 27, 2023; October 26, 2023; and December 29, 2023, by telephone conference on October 19, 2023, wherein counsel for Zurich's counsel advised that Zurich would respond to the subpoena. On January 10, 2024, undersigned counsel left a voicemail with Zurich's counsel to inquire about the status of Zurich's response to the subpoena. Undersigned counsel sent electronic correspondence to Zurich's counsel on January 12, 2024 and January 23, 2024, requesting consent to the relief requested. AXIS' counsel received no response, thereby compelling AXIS to file the instant motion.

Respectfully submitted,

*/s/ Josh Levy*
Josh Levy
Kristin V. Gallagher

*Counsel for Defendant,*
AXIS Insurance Company
*Twin City Fire Ins. Co. v. AXIS Ins Co.*
U.S. Dist. Ct., Dist. of Maryland
Case No. 22-769

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2024, I served this motion on all parties of Record via electronic mail:

/s/ Bevin Carroll
Bevin Carroll
*Counsel for Defendant,*
*AXIS Insurance Company*

# EXHIBIT 1

Case: 1:24-cv-00705 Document #: 1 Filed: 01/26/24 Page 6 of 12 PageID #:6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | | |
|---|---|---|
| Twin City Fire Insurance Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 22-769 |
| AXIS Insurance Company | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Custodian of Records of Zurich American Insurance Company
1299 Zurich Way, Schaumberg, Illinois 60196
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents on the attached Schedule A.

| Place: Kennedys CMK LLP<br>30 S. Wacker Drive, Suite 3650<br>Chicago, Illinois 60606 | Date and Time:<br>09/21/2023 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/07/2023

*CLERK OF COURT*

OR

/s/ Josh Levy

*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant AXIS Insurance Company , who issues or requests this subpoena, are:

Josh Levy, 1111 Brickell Avenue, Suite 1300, Miami, FL 33133; josh.levy@kennedyslaw.com; 305 371 1111

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-769

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                              _____
                                                                  *Server's signature*

                                                                  _____
                                                                  *Printed name and title*

                                                                  _____
                                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TWIN CITY FIRE INSURANCE
COMPANY,

    Plaintiff,

v.

                               Case No. 22-769

AXIS INSURANCE COMPANY,

    Defendant.

                               /

## SCHEDULE A

The Custodian of Records shall produce all documents, records, or tangible items, regardless of the medium used to store them, in your custody and/or control regarding the following:

## INSTRUCTIONS AND DEFINITIONS

The Uniform Instructions and Definitions for Use in Discovery Requests of the Local Rules of the United States District Court for the District of Maryland are incorporated herein.

## ADDITIONAL DEFINITIONS

1.    "Communications" means the transmittal of information by any means, and shall include, without limitation, any and all document(s) attached to the communication.

2.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

3.    "Documents" and "documents" are defined to be synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to, electronically stored information.

1

2

4. "*Padmore* Action" means the lawsuit captioned *Wayne Padmore et al. v. Atlas West End Silver Hill, LLC et al.,* Case No. CAL20-14812, Circuit Court for Prince George's County, Maryland.

5. "Zurich" means Zurich American Insurance Company and all of its employees, agents, representatives, and attorneys.

**DOCUMENTS AND RECORDS**

1. Zurich's entire claim file, claim notes, correspondence, documents, and communications concerning the *Padmore* Action and/or Claim No. 9420192420, not including medical records, medical bills, and confidential/protected health information.

2. All documents and communications concerning the defense, negotiation, and settlement of the *Padmore* Action and/or Claim No. 9420192420, not including medical records, medical bills, and confidential/protected health information.

| AO 88 (11/91) Subpoena in a Civil Case | | PROOF OF SERVICE | 20230907151103 |
|---|---|---|---|
| SERVED | DATE: 9-8-23 @ 4:34pm | PLACE: 1299 ZURICH WAY SCHAUMBERG IL 60196 | |
| SERVED ON: ZURICH AMERICAN INSURANCE COMPANY<br>ACCEPTED BY: Jacqueline Gutierrez<br>RELATIONSHIP/TITLE: Claims Administrator | | MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE<br>SERVING: SUBPOENA TO PRODUCE, SCHEDULE A | |
| SERVED BY | Julia Chernov | TITLE | **PROCESS SERVER** |

### DECLARATION OF SERVER

Description of Person Receiving Document(s):

SEX: F   AGE: 40-50   HEIGHT: 5'1   WEIGHT: 140   SKIN: Hispanic   HAIR: Black   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.
I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

Docusign Court Approved E-Signature

_Julia Chernov_ L.S.
SIGNATURE OF
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON:

| | |
|---|---|
| ATTORNEY: | JOSH LEVY, ESQ. |
| PLAINTIFF: | TWIN CITY FIRE INSURANCE COMPANY |
| DEFENDANT: | AXIS INSURANCE COMPANYT |
| VENUE: | DISTRICT |
| DOCKET: | 22 CV 769 |
| FEE: | 0.00 |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
 (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B)  Subject to paragraph (d)(2) of this rule,  person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state inwhich the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden.

(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.